IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MAHLE FILTERSYSTEME GMBH,

    Plaintiff,

v.

    Case No.

HASTINGS FILTERS, INC., and
CLARCOR, INC.,

    Defendants

_____/

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mahle Filtersysteme GmbH ("Mahle"), by its attorneys, Rader, Fishman & Grauer, PLLC, for its Complaint against Defendant Hastings Filters, Inc. ("Hastings") and Clarcor, Inc. ("Clarcor"), states and alleges as follows:

## THE PARTIES

1. Plaintiff Mahle is a German limited liability company having its principal place of business at Pragstr. 26-46, 70376 Stuttgart, Germany. Numerous companies located in the Eastern District of Michigan are wholly owned by Mahle's parent company, Mahle GmbH, including companies with sales, aftermarket and filtration operations in Farmington Hills, Troy and Wixom.

2. Upon information and belief, Defendant Hastings is a Delaware corporation with its principal place of business at 4400 East Hwy 30, Kearney, NE 68848-6006.

3. Upon information and belief, Defendant Clarcor is a Delaware corporation with its principal place of business at 840 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067 and is the parent company of Hastings.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, specifically §§ 271 and 281-285. This Court has subject matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

5. Personal jurisdiction over Defendants comports with the United States Constitution and M.C.L. § 600.711 because Defendants conduct and solicit business within this district and derive substantial revenue from the sales of their products within this district and elsewhere in Michigan, including the commission of acts of infringement by offering for sale and selling products that infringe one or more claims of United States Patent No. 6,936,169 ("the '169 Patent").

6. Venue is properly within the district under Title 28 United States Code §§ 1391and 1400.

## BACKGROUND

7. Mahle is the owner, by valid assignment, of all right, title, and interest in and to the '169 Patent, including the right to seek remedies and relief for past infringement thereof. Mahle owned the '169 Patent throughout the period of Defendants' infringing acts and still owns the '169 Patent.

8. The '169 Patent entitled "Liquid Filter, Especially an Oil Filter" was duly and legally issued by the United States Patent and Trademark Office on August 30, 2005, after full and fair examination. A true copy of the '169 Patent is attached hereto as **Exhibit A**.

9. Defendants have in the past used, offered to sell, sold, distributed and imported and currently use, offer to sell, sell, distribute and import within the United States, including the Eastern District of Michigan, oil filter elements, including but not limited to part number LF653 (the "Hastings Filters"), that infringe one or more of the claims of the '169 Patent.

## COUNT I

## INFRINGEMENT OF THE '169 PATENT

10. Mahle incorporates each of the preceding paragraphs 1 - 9 as if fully set forth herein.

11. On information and belief, Defendants sell products that infringe the '169 Patent.

12. Defendants are infringing at least claims 1, 6 and 7 of the '169 Patent literally, or under the doctrine of equivalents, by using, offering to sell, selling and distributing in the United States, including in the Eastern District of Michigan, and importing into the United States including in the Eastern District of Michigan, the Hastings Filters.

13. By their wrongful acts, Defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Mahle, including diversion of customers, lost sales and lost profits.

## DEMAND FOR RELIEF

WHEREFORE, Mahle respectfully requests that judgment be entered in its favor and against Defendants Hastings and Clarcor as follows:

a. That Defendants have infringed the '169 Patent;

b. That Defendants and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from the infringement of the '169 Patent;

c. That Defendants be ordered to account for and pay to Mahle the damages to which Mahle is entitled as a consequence of the infringement of the '169 Patent, together with pre-judgment interest and costs;

  d. That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '169 Patent;

  e. That Defendants be adjudged willful infringers and be ordered to pay treble damages pursuant to Title 35 United States Code § 284;

  f. That this case be declared an "exceptional case" pursuant to 35 U.S.C § 285 and Mahle be awarded its costs, disbursements and attorneys' fees; and

  g. That Mahle be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Mahle demands a jury trial on all issues triable to a jury in this matter.

            Respectfully submitted,

            RADER, FISHMAN & GRAUER PLLC

Dated: August 4, 2014    /s/Michael B. Stewart (P45318)
            Michael B. Stewart (P45318)
            Lisa Rycus Mikalonis (P39485)
            39533 Woodward Avenue
            Bloomfield Hills, MI 48304
            Tel: (248) 594-0600
            Fax: (248) 594-0610

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, I electronically filed the foregoing paper with the Clerk of the United States District Court, Eastern District of Michigan, using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Michael B. Stewart (P45318)
Michael B. Stewart (P45318)
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
mbs@raderfishman.com
*Attorneys for Plaintiff*
